**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Steven Dukes,**
**Petitioner Below, Petitioner**

**vs) No. 15-0382** (Marion County 15-C-27)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Steven Dukes, pro se, appeals the April 1, 2015, order of the Circuit Court of Marion County summarily dismissing his petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Nic Dalton, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 4, 2012, petitioner was indicted on one count of Possession of a Controlled Substance (Heroin) with Intent to Deliver. Following a two-day trial, a jury found petitioner guilty of the charge. The State filed a recidivist information on September 21, 2012, seeking enhancement of petitioner's sentence based on two prior convictions: a December 20, 2000, felony conviction on one count of possession of a deadly weapon by a prohibited person and an April 30, 1992, felony conviction out of the State of North Carolina on one count of Possession of Cocaine. At petitioner's recidivist trial, a probation officer and a sheriff's deputy gave testimony that petitioner also had prior felony convictions out of New York and Maryland, which were not charged in the September 21, 2012, information. In a motion for a new recidivist trial, petitioner argued that he was prejudiced from the witnesses' testimony and further that the probation officer's testimony—based on his statements made to the probation officer during the presentence

1

investigation for the triggering offense—should have been excluded because of an alleged violation of his *Miranda* rights. Following a March 19, 2013, hearing, the circuit court denied petitioner's motion for a new recidivist trial by order entered April 2, 2013.

Petitioner appealed the April 2, 2013, order to this Court, reiterating his arguments that the testimony about prior convictions not mentioned in the recidivist information was unduly prejudicial and that his statements to the probation officer should have been excluded. In *State v. Dukes*, No. 13-0649, 2014 WL 1672948, at *3 (W.Va. April 25, 2014) (memorandum decision), we rejected petitioner's contentions, finding that "the information regarding petitioner's prior convictions is . . . a matter of public record" and that his cooperation with the probation officer during the pre-sentence investigation was "not mandatory." Accordingly, this Court affirmed the circuit court's denial of a motion for a new recidivist trial. *Id.*

On January 28, 2015, petitioner filed a petition for writ of habeas corpus, alleging that (1) the circuit court erred in admitting records of petitioner's North Carolina conviction, which were not properly authenticated; (2) the circuit court erred in admitting testimony concerning prior convictions not charged in the recidivist information; and (3) counsel was ineffective by not objecting to that testimony. With regard to petitioner's first ground for relief, the circuit court determined that the records of petitioner's North Carolina conviction were self-authenticating pursuant to Rule 902(4) of the West Virginia Rules of Evidence. The circuit court found that those records were "stamped on every page as 'a true copy' of the records of the Clerk of the Superior Court of Cabarrus County[, North Carolina,] and the stamp is accompanied by a signature of a deputy clerk of that Court." Accordingly, the circuit court concluded that petitioner was not entitled to relief on this ground.

The circuit court addressed grounds two and three together, and noted that "counsel thoroughly litigated this issue." The circuit court found that "[t]he record reveals that [petitioner's] counsel did in fact object" to the testimony concerning the prior convictions. (Emphasis in original.) The circuit court further found that counsel's refusal of a curative instruction was based on trial strategy because, as explained in the motion for a new trial, counsel did not "want to reinforce or redraw attention to these statements." The circuit court noted that, in its charge to the jury, "the jury was expressly instructed that their decision should be based only on the predicate convictions enumerated in the recidivist information." Accordingly, the circuit court concluded that petitioner was not entitled to relief on either of these grounds of relief and summarily dismissed the habeas petition without an evidentiary hearing or appointment of counsel.

Petitioner now appeals the circuit court's April 1, 2015, summary dismissal order. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court

2

in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). Pursuant to Syllabus Point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973), a circuit court may deny a habeas petition without an evidentiary hearing and appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

On appeal, petitioner first argues that the records of his North Carolina conviction could not be authenticated through the use of the self-authenticating provisions of Rule 902(4) of the West Virginia Rules of Evidence. We disagree. As a general principle, court documents which are certified by their custodian constitute "self[-]authenticating documents under the West Virginia Rules of Evidence[.]" *State v. McCraine*, 214 W.Va. 188, 197, 588 S.E.2d 177, 186 (2003), *overruled on other grounds*, *State v. Herbert*, 234 W.Va. 576, 767 S.E.2d 471 (2014) (citing Rule 902(4), W.V.R.E.). While petitioner contends that additional authentication is required for out-of-state records, in Syllabus Point 4 of *State v. Hulbert*, 209 W.Va. 217, 218, 544 S.E.2d 919, 920 (2001)—which is relied upon by petitioner—we held, in pertinent part, that the State may introduce a properly authenticated copy of the judgment of conviction to prove the fact of an out-of-state conviction for the purpose of enhancing a West Virginia defendant's sentence. In *Hulbert*, the out-of-state records were "authenticated by the stamped certification of the Clerk of the District Court of Kalamazoo County, Michigan." *Id.* at 224-25, 544 S.E.2d at 926-27. Similarly, in the instant case, the circuit court found that the records of petitioner's North Carolina conviction were authenticated by the fact that they were "stamped on every page as 'a true copy' of the records of the Clerk of the Superior Court of Cabarrus County[, North Carolina,] and the stamp is accompanied by a signature of a deputy clerk of that Court." Therefore, we conclude that the circuit court did not err in determining that the records of the North Carolina conviction were authenticated pursuant to Rule 902(4) and in rejecting petitioner's first ground for relief.[1]

Second, petitioner repeats his arguments that the circuit court erred in admitting testimony concerning prior convictions not charged in the recidivist information and that counsel was

---

[1]We note that, in *Hulbert*, the defendant's sentence could not be increased pursuant to the enhancement statute at issue there, West Virginia Code § 61-2-28(c) (now (d)), because of "the variances between the statutes of Michigan and West Virginia and the resulting need to prove that the factual predicate underlying the Michigan convictions would similarly support a conviction under West Virginia law." 209 W.Va. at 225, 544 S.E.2d at 925. In contrast, all that the life recidivist statute, W.Va. Code § 61-11-18(c), requires is that the defendant has been "twice before convicted" of a felony offense. Petitioner does not dispute that his North Carolina conviction was for a felony offense.

ineffective by not objecting to that testimony.[2] Like the circuit court, we address these issues together. Pursuant to the post-conviction habeas corpus statute, a habeas petitioner is not entitled to relief if he raises grounds which have been "previously and finally adjudicated." W.Va. Code § 53-4A-7(a). Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings similarly provides that "[t]he court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated." We find that petitioner's argument that the circuit court erred in admitting testimony concerning prior convictions not charged in the recidivist information was previously and finally adjudicated in our memorandum decision in *Dukes* where we stated that petitioner's previous convictions were "a matter of public record." 2014 WL 1672948, *3.[3] We further find that, because petitioner's ineffective assistance claim is derivative of his claim that admission of that testimony was unduly prejudicial, the derivative claim cannot succeed where we have determined that the underlying claim has no merit. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995) (prejudice prong of *Strickland* standard must be satisfied in order to establish ineffective assistance of counsel).

Lastly, petitioner raises additional challenges to his recidivist conviction that he failed to raise in his habeas petition. Respondent asserts that we should decline to address petitioner's added arguments because they were not presented to the circuit court. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958) ("This Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance."). Petitioner asks that we address his additional issues under the plain error doctrine. We decline to do so. The circuit court summarily dismissed petitioner's petition without holding a hearing or appointing counsel; thus, the doctrine of res judicata will not bar petitioner from filing successive habeas petitions. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981). Petitioner may raise his other claims in a subsequent petition provided that he has adequate factual support to do so.[4] Therefore, we conclude that the circuit court did not abuse its discretion in summarily dismissing petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's April 1, 2015, order summarily dismissing petitioner's petition for writ of habeas corpus.

Affirmed.

---

[2]We note that the circuit court found that counsel made objections.

[3] Pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure, our memorandum decision in *Dukes* constitutes a decision on the merits.

[4]Petitioner also argues that the cumulative effect of the alleged errors made his recidivist trial unfair. However, as respondent correctly points out, because we find that no error occurred, the cumulative error doctrine does not apply.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II